DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtor*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                              Chapter 11

QUICKWAY ESTATES LLC,                               Case No. 24-22114 (SHL)

                        Debtor.
-----------------------------------------------------------x

## DECLARATION OF MITCHELL STEIMAN PURSUANT TO
## LOCAL BANKRUPTCY RULE 1007-2

MITCHELL STEIMAN, under penalties of perjury, hereby declares and states as follows:

1. I am the chief restructuring officer of Quickway Estates LLC, the above captioned debtor (the "Debtor"), and I submit this Declaration pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## PART I
## BACKGROUND

2. Formed in 2019, the Debtor was organized under the laws of the State of New York to acquire title to the property located at 5 Quickway Road, Monroe, NY 10950 (the "Property").

3. The Property consists of multiple family dwelling apartment units and is awaiting an appraisal for an accurate valuation during this Chapter 11 case.

4. The Debtor acquired the Property pursuant to an Amended and Restated Multifamily Note (the "Amended Note") with Greystone Servicing Company LLC ("Greystone") on December 9, 2019 for the principal amount of $1,800,000.00 (the "Loan"). Simultaneous with

1

the execution of the Amended Note, the Debtor executed and delivered to Greystone a Gap Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Gap Mortgage" ), which provided security for the payment of money owed to Greystone under the notes and encumbers the Property.

5. The Gap Mortgage was recorded with the Orange County Clerk' s Office on December 27, 2019 in Book 14677 at Page 777 under Instrument No .: 20190089601.

6. On or about December 9, 2019, the Debtor executed and delivered to Greystone a Consolidation, Extension and Modification Agreement ("CEMA"), which consolidated, modified and extended the terms of certain pre-existing mortgages and liens, as described therein, to conform to the terms of the CEMA such that these existing liens then constituted a single unified lien on the Mortgaged Property in the aggregate sum of One-Million Eight Hundred Thousand Dollars and 00/100 Cents ($1,800,000.00). The CEMA provided security for the payment of money owed to Greystone under the notes and encumbers the Property.

7. Simultaneous with the execution of the CEMA, the Debtor executed and delivered to Greystone a Multifamily Loan and Security Agreement (the "Security Agreement") covering the Property, which further secures the Debtor's obligations to Greystone. I also simultaneously gave Greystone a personal guaranty regarding the above notes (the "Guaranty").

8. The Amended Note, Gap Mortgage, CEMA, Consolidated Mortgage, Security Agreement, Guaranty, and all other related debt instruments executed and delivered to Greystone to evidence, memorialize or otherwise provide security for the Loan are collectively referred to herein as the "Loan Documents."

9. The Loan Documents were assigned and endorsed by Greystone to Fannie Mae by allonges firmly affixed to the Notes and by Assignment of Mortgages As Consolidated dated

December 9, 2019 (the "Consolidated Assignment").

10. The Loan Documents, including the Security Agreement and Guaranty, were further assigned by Greystone to Fannie Mae by Assignment of Collateral Agreements and Other Loan Documents (the "Collateral Assignment") dated December 9, 2019.

11. Fannie Mae is and remains in possession of the original notes as well as the other Loan Documents and has not transferred or assigned same.

12. The Loan Documents provide *inter alia*, that the Debtor agreed to repay the Loan in monthly installments of principal and interest beginning on February 1, 2020 and continuing thereafter until the indebtedness is fully paid on January 1, 2050, or any earlier date on which the unpaid principal balance becomes due and payable by acceleration or otherwise (the "Maturity Date").

13. Due to the Covid-19 Pandemic, the Debtor defaulted under the loan documents on or around August 2020. On April 13, 2022, Fannie Mae initiated a foreclosure action in the Southern District of New York, against several parties including the Debtor (the "Foreclosure Action"), styled as *Fannie Mae v. Quickway Estates LLC et al* (Case No. 22-cv-03048).

14. On January 12, 2024, Fannie Mae was awarded a judgment of foreclosure and sale by the District Court in the Foreclosure Action, with Bruce M. Levine, Esq., appointed as referee. On April 13, 2023, Julian White, Esq. was appointed as the receiver for the Property.

15. To preserve the Debtor's interest in the Property, on January 30, 2024, I authorized the Debtor to file for Chapter 11 bankruptcy protection in the Southern District of New York.

16. The Debtor intends to utilize the Chapter 11 process to embark on a robust marketing campaign to refinance or sell the Property through bankruptcy process and, if necessary, an auction sale, thereby giving creditors the best opportunity to be paid in full.

17. The Debtor intends to, *inter alia*, promptly hire a real estate broker in order to achieve the above goal.

18. If a plan can be consummated expeditiously in bankruptcy, the creditors will likely have the best chance of a recovery through a Chapter 11 plan of reorganization.

19. The Debtor therefore submits that the filing of the Chapter 11 case was necessary to preserve the value of the estate and maximize a return to its creditors.

20. The needs and interests of the Debtor's creditors will best be served by the continued possession of its property and management of its affairs as debtor-in-possession under Chapter 11 until a restructuring plan that incorporates the market and sale process of the Property can be formulated and presented to creditors.

## PART II
## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

21. In addition to the foregoing, S.D.N.Y. Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor, which is set forth below.

**Local Rule 1007-2(a)(1)**

22. The Debtor's management operates at 72 Horton Drive, Monsey, NY 10952. The Debtor's principal assets are the Property, located at 5 Quickway Road, Monsey, NY 10950.

**Local Rule 1007-2(a)(2)**

23. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*(the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

24. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

25. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is annexed as **Schedule I**.

**Local Rule 1007-2(a)(5)**

26. A schedule of the Debtor's 5 largest secured creditors is annexed as **Schedule II**.

**Local Rule 1007-2(a)(6)**

27. A summary of the Debtor's consolidated assets and liabilities is annexed as **Schedule III.**

**Local Rule 1007-2(a)(7)**

28. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

29. On April 13, 2023, in the Foreclosure Action, Julian White, Esq. was appointed as the receiver for the Debtor's Property.

**Local Rule 1007-2(a)(9)**

30. The Debtor owns the Property.

**Local Rule 1007-2(a)(10)**

31. The Debtor's books and records and substantial assets are located at the Debtor's office at 72 Horton Drive, Monsey, NY 10952.

**Local Rule 1007-2(a)(11)**

32. All suits or proceedings in which the Debtor is named as a party are listed in the Debtor's Statement of Financial Affairs.

**Local Rule 1007-2(a)(12)**

33. The Debtor is currently managed by Mitchell Steiman, as its chief restructuring officer.

**Local Rule 1007-2(b)(1) and (2)**

34. The Debtor currently has no employees.

35. The Debtor's estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petition is $0.

36. The Debtor's estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petition is approximately $0.

**Local Rule 1007-2(b)(3)**

37. A schedule, for the 30-day period following the filing of the Chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss and obligations expected to accrue but remain unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: February 13, 2024

*/s/ Mitchell Steiman*_____
Mitchell Steiman, Chief Restricting Officer

# SCHEDULE I

## DEBTOR'S TWENTY LARGEST UNSECURED CREDITORS

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Quickway Estates LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Samuel Kaufman<br>5 Quickway Road<br>Unit 201<br>Monroe, NY 10950** | | | **Unliquidated** | | | $0.00 |

## SCHEDULE II

<u>DEBTOR'S FIVE LARGEST SECURED CREDITORS</u>

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Quickway Estates LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☒ Yes. Fill in all of the information below.

### Part 1:   List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **Fannie Mae**<br>Creditor's Name<br>c/o Greystone Servicing Co LLC<br>c/o Windels Marx<br>156 West 56th Street<br>New York, NY 10019<br>Creditor's mailing address<br><br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number<br><br>**Do multiple creditors have an interest in the same property?**<br>☒ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>**Land and Building**<br>**5 Quickway Road, Monroe, NY 10950**<br><br>**Describe the lien**<br><br>**Is the creditor an insider or related party?**<br>☒ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☒ Disputed | $2,575,965.01 | $3,000,000.00 |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**   $2,575,965.01

### Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Ryan Federer, Esq.<br>Windels Marx<br>156 West 56th Street<br>New York, NY 10019 | Line **2.1** | |

Official Form 206D      Schedule D: Creditors Who Have Claims Secured by Property      page 1 of 1

## SCHEDULE III

<u>DEBTOR'S ASSETS AND LIABILITIES</u>

**Fill in this information to identify the case:**

Debtor name: **Quickway Estates LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known):

☐ Check if this is an amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals         12/15

### Part 1:  Summary of Assets

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B*............................................................................................................... $ **3,000,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*............................................................................................................ $ **0.00**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*............................................................................................................. $ **3,000,000.00**

### Part 2:  Summary of Liabilities

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................................. $ **2,575,965.01**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ **0.00**

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*............................................. +$ **0.00**

4. **Total liabilities** ...................................................................................................................................
   Lines 2 + 3a + 3b                                                                                                           $ **2,575,965.01**

## SCHEDULE IV

### 30 DAY ESTIMATED INCOME AND EXPENSES

Income: $0

Expenses: $0