UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                      Chapter 11

QUICKWAY ESTATES LLC,                                       Case No. 24-22114 (SHL)

                              Debtor.
------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF DAVIDOFF HUTCHER & CITRON LLP AS ATTORNEYS FOR THE DEBTOR EFFECTIVE AS OF FEBRUARY 13, 2024

**UPON** the Application (the "Application"), of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking to retain Davidoff Hutcher & Citron LLP ("DHC") as counsel to the Debtor pursuant to § 327(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the accompanying Declaration of Jonathan S. Pasternak respectively attached to the Application; and the Court having found that DHC neither holds nor represents an interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interest of the estate; and no additional notice being required; it is hereby

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is hereby authorized to employ and retain DHC as its counsel in this case, effective as of February 13, 2024; and it is further

**ORDERED,** that DHC shall use its best efforts to avoid any duplication of services provided by any of the Debtor's other retained professionals in this Chapter 11 case; and it is further

**ORDERED,** that DHC will not seek to use affiliates, independent contractors, subcontractors or subsidiaries of DHC to perform services without separate Court approval; and it is further

**ORDERED,** notwithstanding anything to the contrary in its engagement, professionals from DHC will bill time in 6 minute increments and will bill at 50% its rate for travel time; and it is further

**ORDERED**, that the DHC shall be compensated and reimbursed upon proper application pursuant to §§ 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that DHC shall apply any remaining amounts of its prepetition retainer as a credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to DHC; and it is further

**ORDERED**, that at least 10 days before implementing any increases in DHC's rates for professionals in this case, DHC shall file a supplemental declaration with the Court that shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate

increase on all grounds, including but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Declaration of Jonathan S. Pasternak in support thereof, the terms of this Order shall govern.

Dated : White Plains, New York
      March __, 2024

                                          _____
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE