UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

QUICKWAY ESTATES, LLC

Debtor.

-------------------------------------------------------x

Case No.  24-22114-SHL

Chapter 11

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF DEBTOR'S REAL PROPERTY PURSUANT TO AN AMENDED CONTRACT OF SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES, (B) APPROVING THE DISTRIBUTION OF THE SALE PROCEEDS; AND (C) GRANTING RELATED RELIEF**

Upon the motion [ECF No. 42] as amended [ECF No. 58], as supplemented by the affirmation of H. Bruce Bronson [ECF No. 62] and the Declarations of Sheindy Grunhut and Miral Kaufman [ECF Dkt. Nos. 61 & 63] (the "Amended Sale Motion" or "Sale Motion")[1] filed by Bronson Law Offices P.C. on behalf of Quickway Estates LLC, (the "Debtor" or "Seller"), seeking entry of an order (this "Sale Order") (a) authorizing and approving the sale of the Debtor's real property commonly referred to as 5 Quickway Road, Monroe, New York located in Orange County (Section 304, Block 5, Lot 9) (the "Property"), including all offspring and proceeds thereof, free and clear of all liens, claims and encumbrances pursuant to the Amended Contract attached to the Amended Sale Motion (together with all schedules, exhibits, and ancillary documents related thereto, the ("Amended Contract"); (b) authorizing and approving the distribution of the sale proceeds to Fannie Mae, among other parties; and (c) for such other and further relief as the court deems proper; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

{12394965:1}

Court having reviewed and considered the Sale Motion and all relief related thereto; and upon the full record of the hearing held before the Court on October 30, 2024 and January 3, 2025 (collectively, the "Sale Hearing"); and as set forth in the bench ruling issued by the Court at the Hearing; this Court having jurisdiction over this matter; and that this Court being authorized to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Sale Motion in this district is proper; and it further appearing that the legal and factual bases set forth in the Sale Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and upon the full record of this chapter 11 case and all other pleadings and proceedings, including the Sale Motion; and upon the conditional consent of the Federal National Mortgage Association ("Fannie Mae") subject to certain conditions and terms addressed in this order and after due deliberation thereon, and good and sufficient cause appearing therefor, **THE COURT HEREBY FINDS THAT**:[2]

**I.    Jurisdiction, Final Order, and Statutory Predicates.**

    A.    This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157(b)(l) and 1334(a). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief requested in the Sale Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 6006, 9007, and 9014.

---

[2] All findings of fact and conclusions of law announced by the Court at the hearings in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith.

{12394965:1}    2

  C. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that the stay set forth in Rule 6004(h) is hereby waived.

**II.** **Factual Background-Judicial Notice.**

The Court takes judicial notice of the following facts that are agreed upon by the parties and are contained in other pleadings in this case.

  D. On February 13, 2024 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition commencing a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") with the U.S. Bankruptcy Court for the Southern District of New York (the "Court").

  E. Julian K. White (the "Receiver") was appointed as receiver of the Real Property by the U.S. District Court for the Southern District of New York in the foreclosure action commenced by Fannie Mae prior to the Petition Date and has continued to serve in that role in accordance with the *Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing the Receiver's Compliance with Requirement to Deliver to the Debtor Property of the Debtor* entered by the Court on April 3, 2024 [ECF No. 20].

  F. On April 18, 2024, Fannie Mae filed a proof of claim (no. 3) asserting a pre-petition secured claim in the amount of $2,662,438.57.

  G. On May 24, 2024, Fannie Mae filed a motion (the "Lease Rejection Motion") for an order (i) compelling the Debtor to immediately reject the residential leases between the Debtor and the tenants pursuant to § 365(d)(2) of the Bankruptcy Code and (ii) determining that § 365(h)(1)(A) does not apply to rejection of the leases, or in the alternative, (iii) conditioning the

{12394965:1} 3

tenants' election under § 365(h)(1)(A)(ii) to retain their rights under the lease on the payment of all past due rents and establishing election procedures [ECF No. 24].

H. In connection with the Lease Rejection Motion, Fannie Mae served discovery requests (the "Discovery Requests") on Samuel Kaufman (tenant of the Real Property) Sheindy Grunhut, and Jacob Grunhut, including Notice of Depositions.

I. On October 2, 2024 the Debtor filed a motion (the "Original Sale Motion") to sell the Real Property, (ii) approve the contract of sale between the Debtor and Samuel Kaufman providing for Mr. Kaufman's purchase of the Real Property for a purchase price of $2.4 million, (iii) surcharging Fannie Mae's collateral pursuant to § 506(c) of the Bankruptcy Code to pay for expenses related to the sale, and (iv) for related relief [ECF No. 42].

J. On October 23, 2024, Fannie Mae filed a limited objection (the "Limited Objection") [ECF No. 47] to the Original Sale Motion and submitted a credit bid pursuant to § 363(k) of the Bankruptcy Code for the Real Property in the amount of $2,706,076.51.

K. According to the *Declaration Of Matt Trent as to the Amount Due Under Loan Documents As Of October 1, 2024,* filed in support of the Limited Objection, the total amount owed to Fannie Mae under the mortgage loan (the "Loan") encumbering the Real Property was $2,796,813.21 as of October 1, 2024, which has continued to accrue interest, attorney's fees, and other charges.

**III.    Notice of the Sale Motion and Sale Hearing.**

L. Notice of the Sale Motion and Hearing was timely, proper, and reasonably calculated to provide interested parties with timely and proper notice of the Hearing, and no other or further notice of the Sale Motion, and the Sale Hearing is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice. A reasonable

opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested persons and entities, including the Notice Parties.

**IV.     Good Faith of Purchaser and Debtor.**

M.    The Amended Contract was negotiated, proposed, and entered into by the Debtor and Miral Kaufman (the "Purchaser" or the "Buyer"), without collusion, in good faith, and from arm's-length bargaining positions.

N.    The sale does not constitute a *sub rosa* chapter 11 plan. The transactions contemplated by the Amended Contract and the Sale Order (collectively, the "Transactions") neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a chapter 11 plan for the Debtor.

O.    Neither the Debtor nor Purchaser have engaged in any conduct that would cause or permit the sale to be avoided under section 363(n) of the Bankruptcy Code. Purchaser has proceeded in good faith in all respects within the meaning of section 363(m) of the Bankruptcy Code in connection with the sale. Upon Closing (as defined in the Amended Contract, the Purchaser shall be entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

**V.     Highest or Otherwise Best Offer.**

P.    The Amended Contract constitutes the highest or otherwise best offer for the Property and the Debtor's determination that the Amended Contract constitutes the highest or otherwise best offer for the Property is based upon a valid and sound exercise of the Debtor's business judgment. The consideration to be paid by Purchaser under the Amended Contract constitutes fair and reasonable consideration for the Property.

Q. Approval of the Sale Motion and the Amended Contract and the consummation of the sale is in the best interests of the Debtor's chapter 11 estate, its creditors, and other parties in interest.

**VI.    No Successor or Other Derivative Liability.**

R. The Purchaser is not a mere continuation of the Debtor or its estate and there is no continuity of enterprise between the Purchaser and the Debtor. The Purchaser is not a successor to the Debtor or its estate by reason of any theory of law or equity, and the sale does not amount to a consolidation, merger, or *de facto* merger of Purchaser and the Debtor.

**VII.    Validity of Transfer.**

S. The Amended Contract was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession, or the District of Columbia. Neither the Debtor nor the Purchaser is entering into the Transactions fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

T. The Debtor is the sole and lawful owner of the Property. The Property constitutes property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. Subject to section 363(f) of the Bankruptcy Code, the Amended Contract, and the provisions of this Sale Order, the transfer of the Property to the Purchaser will be, as of the date (the "Closing Date") of the Closing (as defined in the Amended Contract), a legal, valid, and effective transfer of the Property, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Property free and clear of (a) all liens (including any liens as that term is defined in section 101(37) of the Bankruptcy Code) and encumbrances relating to, accruing, or arising at any time prior to the Closing Date (collectively, the "Liens") and (b) all debts arising under, relating to, or in

connection with any act of the Debtor or claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options in favor of third parties, rights, contractual commitments, restrictions, interests, mortgages, hypothecations, charges, indentures, instruments, leases, licenses, deeds of trust, security interests, conditional sale or other title retention, pledges, judgments, claims for reimbursement, contribution, indemnity, exoneration, infringement, products liability, alter-ego, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this chapter 11, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to Claims (as defined below) and Liens (A) that purport to give to any party a right of setoff or recoupment against, or a right or option to affect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of the Debtor's or the Purchaser's interests in the Property, or any similar rights, or (B) in respect of taxes, restrictions, rights of first refusal, charges of interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income or other exercise of any attributes of ownership) (collectively, as defined in this clause (b), "Claims"), relating to, accruing or arising any time prior to entry of this Sale Order, with the exception of any such Liens or Claims that are expressly assumed by Purchaser or otherwise permitted under the Amended Contract and Sale Order and any and all rights of a tenant in possession on the Property available under applicable law.

U.    Subject to the entry of this Sale Order, the Debtor has: (i) full requisite corporate or other organizational power and authority to execute, deliver, and perform its obligations under the Amended Contract and all other documents contemplated thereby and (ii) taken all requisite corporate or other organizational action and formalities necessary to authorize and approve the

execution, delivery and performance of its obligations under the Amended Contract and to consummate the sale, including as required by their respective organizational documents, and, upon execution thereof, the Amended Contract and the related documents were or will be deemed duly and validly executed and delivered by the Debtor and enforceable against the Debtor in accordance with its terms and, assuming due authorization, execution, and delivery thereof by the other parties thereto, constituted or will constitute a valid and binding obligation of the Debtor. No government, regulatory, or other consents or approvals, other than those expressly provided for in the Amended Contract, were required for the execution, delivery, and performance by the Debtor of the Amended Contract or the consummation of the sale contemplated thereby. No consents or approvals of the Debtor, other than those expressly provided for in the Amended Contract or this Sale Order, are required for the Debtor to consummate the sale.

**VIII.    Section 363(f) of the Bankruptcy Code is Satisfied.**

V.    The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Debtor may sell the Property free and clear of any interest in the Property except as otherwise set forth in this Order.

W.    The Debtor may sell the Property free and clear of all Liens and Claims against the Debtor, its estate, or any of the Debtor's property because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens or Claims against the Debtor, its estate, or property of the Debtor, who did not object, or who withdrew their objections, to the sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Liens or Claims (except to the extent that such Liens or Claims are assumed obligations) are adequately protected by having their Liens or Claims, if any, in each instance against the Debtor, its estate,

or any Property of the Debtor, attach to the net cash proceeds of the Purchase Price ultimately attributable to the asset in which such creditor alleges a Lien or Claims, in the same order of priority, with the same validity, force, and effect that such Liens or Claims had prior to the transaction, subject to any claims and defenses the Debtor and its estate may possess with respect thereto. All other holders of Liens or Claims of any kind or nature whatsoever against the Debtor or the property shall be forever prohibited, barred and estopped from pursuing or asserting any Liens or Claims against the Purchaser or any of its, property, successors, assigns or the Property.

**IX.     Compelling Circumstances for an Immediate Sale.**

X.      Good and sufficient reasons for approval of the Amended Contract and the sale have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. The Debtor has demonstrated both good, sufficient, and sound business purposes and justifications for approving the Amended Contract and compelling circumstances for the sale outside the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a plan of reorganization, in that, among other things, the immediate consummation of the sale with the Purchaser is necessary and appropriate to maximize the value of the Debtor's estate and the sale will provide the means for the Debtor to maximize distributions to creditors.

**THE COURT HEREBY ORDERS THAT**:

**I.     General Provisions.**

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this Chapter 11 Case pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. The relief requested in the Sale Motion and the Transactions are approved as set forth in this Sale Order and on the record of the Sale Hearing, which is incorporated herein as if set forth fully in this Sale Order, and the sale contemplated thereby is approved.

3. All objections or responses to the Sale Motion or the relief requested therein that have not been withdrawn, waived, settled, or adjudicated as announced at the Hearing or by stipulation filed with the Court, and all reservations of rights included in such objections or otherwise, are hereby denied and overruled on the merits with prejudice, except as otherwise set forth herein. Any parties who did not object or withdrew their objections to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

## II. Approval of the Amended Contract.

4. The Amended Contract and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in their entirety, pursuant to sections 105, 363, and 365, of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014, each as applicable, except that in the event of conflict, the terms of this Sale Order will govern.

5. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the sale pursuant to and in accordance with the terms and conditions of the Amended Contract and the Sale Order, (b) close the sale as contemplated in the Amended Contract and this Sale Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Amended Contract, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Transactions.

6. Subject to the restrictions set forth in this Sale Order and the Amended Contract, the Debtor and the Purchaser hereby are authorized to take any and all actions as may be necessary or desirable to implement the sale, and any actions taken by the Debtor and the Purchaser necessary

or desirable to implement the sale prior to the date of this Sale Order, hereby are approved and ratified.

7.      This Sale Order and the terms and provisions of the Amended Contract shall be binding in all respects upon the Debtor, its estate, all creditors of and holders of equity interests in the Debtor, any holders of Liens, Claims, or other interests (whether known or unknown) in, against, or on all or any portion of the Amended Contract, all counterparties to any executory contract or unexpired lease of the Debtor, the Purchaser and all successors and assigns of the Purchaser, the Debtor, and any trustees, examiners, or receivers, if any, subsequently appointed in the Chapter 11 Case or upon a conversion to chapter 7 under the Bankruptcy Code. The Amended Contract shall not be subject to rejection or avoidance by the Debtor, its estates, its creditors, its equity holders, or any trustee, examiner, or receiver. Any trustee appointed in this case (including a chapter 7 trustee) shall be and hereby is authorized to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Sale Order. This Sale Order and the Contract shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and the respective successors and assigns of each of the foregoing.

**III.    Transfer of the Property.**

8.      Pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Property, and any and all rents or other obligations that may arise from the Property, to the Purchaser in accordance with the terms of the Amended Contract and this Sale Order and such transfer shall constitute a legal, valid, binding, and effective transfer of the Property and shall vest Purchaser with all right, title and interest in and to the Property, and, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever (but subject to section 365(h)(1)(A) to the extent applicable) all of which shall remain unimpaired, with all such Liens, Claims, or other interests to attach to the cash

proceeds of the Purchase Price ultimately attributable to the Property against or in which such Liens, Claims, or other interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such Liens, Claims, or other interests had prior to the sale, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

9. The Debtor is hereby authorized to take any and all actions necessary to consummate the Amended Contract, including any actions that otherwise would require further approval by shareholders, members, or its board of directors, as the case may be, without the need of obtaining such approvals.

10. The sale of the Property to the Purchaser pursuant to the Amended Contract and the consummation of the transactions contemplated by the Amended Contract do not require any consent other than as specifically provided for in the Amended Contract. Each and every federal, state, and local governmental agency or department is hereby directed to accept the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Amended Contract. A certified copy of this Sale Order may be filed with the appropriate clerk or recorded with the recorder of any state, county, or local authority to act to cancel any of the Liens, Claims, and other encumbrances of record.

11. If any person or entity that has filed statements or other documents or agreements evidencing Claims or Liens on, or interests in, all or any portion of the Property shall not have delivered to the Debtor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Claims, Liens, or interests which the person or entity has or may assert with respect to all or any portion of the

{12394965:1}                                              12

Property, the Debtor is hereby authorized, and the Purchaser is hereby authorized, on behalf of the Debtor and the Debtor's creditors, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Property. The Debtor and the Purchaser are each authorized to file a copy of this Sale Order, which, upon filing, shall be conclusive evidence of the release and termination of such Claim, Lien, or interest.

12. This Sale Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing the documents and instruments necessary and appropriate to consummate the Transactions contemplated by the Amended Contract.

**IV.    Distribution of Sale Proceeds, Surcharge Waiver, and Down Payment**

13. If within 30 days from entry of this Sale Order (the "Outside Closing Date") and upon Closing Fannie Mae receives the amount $2,800,000 of (the "FNMA Payoff Amount") toward payment of the Loan, Fannie Mae's claim(s) against the Debtor shall be satisfied in full and entitled to no further distribution in the Chapter 11 Case. The FNMA Payoff Amount is not subject to any deductions, offsets, or other reductions for any reason (including for closing costs). To the extent the FNMA Payoff Amount is not received by the Outside Closing, the Loan shall continue to accrue interest, fee, costs, charges and all other amounts to the extent permitted under the Loan. For the avoidance of doubt, Fannie Mae's agreement to accept the FNMA Payoff Amount in full satisfaction of its claim against the Debtor if such amount is received by the Outside

Closing Date shall not operate to eliminate or toll the accrual of interests, fees, and other charges before and/or after the date of this Sale Order.

14. Fannie Mae's liens and security interests in the cash held by the receiver (the "Receiver Cash"), which constitutes cash collateral under section 363(c)(2) of the Bankruptcy Code, shall be fully discharged and released upon the receipt of the FNMA Payoff Amount by the Outside Closing Date. Provided Fannie Mae timely receives the FNMA Payoff Amount in accordance with this paragraph, the Receiver Cash shall be released to the Debtor and may be used to pay any of the amounts set forth below, with the balance to be credited and paid to the Purchaser.

15. To the extent Fannie Mae receives less than the FNMA Payoff Amount (the "Payoff Shortfall") prior to the Outside Closing Date, then within three (3) business days of written demand made by Fannie Mae, the Receiver shall distribute 75 percent of the amount of the Receiver Cash existing on the date of Fannie Mae's notice not to exceed the Payoff Shortfall. For the avoidance of doubt, if there is a Payoff Shortfall Fannie Mae's liens and security interests in the Receiver Cash shall remain unaltered and Loan shall continue to accrue interest, fee, costs, charges and all other amounts to the extent permitted by the Loan Documents. Fannie Mae's receipt of any part of the Receiver Cash due to a Payoff Shortfall shall not modify or impair its right to demand or otherwise seek any payment from the Receiver Cash in the future as a form of adequate protection payment or otherwise.

16. Provided that Fannie Mae timely receives the full FNMA Payoff Amount, any excess proceeds of the sale shall be deposited in the Debtor's bankruptcy counsel's escrow account and paid out on behalf of the Debtor or reserved, or alternatively paid from the closing by <u>Debtor or the title company</u> as follows:

    (1)    Real Property Taxes that encumber the Property, if any.

    (2)    Necessary costs of closing including transfer taxes if applicable.

    (3)    Allowed legal fees and costs of counsel for the Debtor, as separately approved by the Court.

    (4)    The allowed fees and costs of the Receiver, as separately approved by the Court.

    (5)    US Trustee fees.

17.    The Debtor is deemed to have waived the bankruptcy estate's right to seek a surcharge under section 506(c) of the Bankruptcy Code against the collateral of Fannie Mae.

18.    All Down Payments (as defined in the Amended Contract) shall be disbursed by the Escrow Agent (as defined in the Amended Contract) in accordance with the terms of paragraph 41 of the Amended Contract; *provided, however*, that if the Amended Contract fails to timely close by reason of default by the Purchaser, the Escrow Agent shall pay the Down Payment (which equals $500,000) together with any accrued interest thereon directly to Fannie Mae and Fannie Mae shall apply the Down Payment in partial repayment of the Loan in the manner determined in its absolute discretion but subject to the provisions of the Loan Documents.

**V.**    **Prohibition of Actions Against the Purchaser.**

19.    To the extent allowable under section 363 of the Bankruptcy Code and except as otherwise expressly provided for in this Sale Order or the Amended Contract, the Purchaser shall not have any liability or other obligation of the Debtor arising under or related to the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Amended Contract, the Purchaser shall not be liable for any Claims or Liens against the Debtor or any of their predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or

{12394965:1}    15

equitable, whether liquidated or unliquidated, and any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the operation of the Property except as expressly assumed under the Amended Contract.

20.     To the extent allowable under section 363 of the Bankruptcy Code, and except as otherwise permitted by the Amended Contract or this Sale Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the operation of the Debtor's business prior to the closing of the sale, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser, any of the foregoing's affiliates, successors, or assigns, their property or the Property, such persons' or entities' Liens, Claims, or interests in and to the Property, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser and each of their affiliates, successors, assets or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, and each of their affiliates, successors, assets, or properties; (c) creating, perfecting, or enforcing any Lien or other Claim against the Purchaser, its affiliates, successors, assets, or properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Purchaser, its affiliates or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the

provisions of this Sale Order or other orders of the Court, or the Amended Contract or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit or authorization to operate the business of the Debtor; *provided, however*, that nothing in this Sale Order shall be construed as a waiver by or impairment of Fannie Mae's rights arising under the Loan and with respect to the Property, including Fannie Mae's claims against the Debtor and/or the guarantor under the Loan, Jacob Grunhut, to the extent Fannie Mae's claim is not satisfied as provided in this Sale Order

21. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Property to the Purchaser in accordance with the terms of the Amended Contract or this Sale Order.

22. The Purchaser has given substantial consideration under the Amended Contract for the benefit of the Estate. The consideration given by the Purchaser shall constitute valid and valuable consideration.

## VI. Lease Rejection Motion and Discovery

23. If Fannie Mae does not receive the FNMA Payoff Amount by the Outside Closing Date, in connection with the Discovery Requests previously served by Fannie Mae, Sam Kaufman, Sheindy Grunhut, and Jacob Grunhut shall appear for a deposition at the New York offices of Windels Marx Lane & Mittendorf, LLP within 21 days after the Outside Closing Date on a date and time mutually agreeable to the parties, unless excused by Fannie Mae or by further order of the Bankruptcy Court.

24. After Fannie Mae's receipt of the FNMA Payoff Amount by the Outside Closing Date, Fannie Mae shall file a notice with the Court withdrawing with prejudice the Lease Rejection Motion.

**VII.    Other Provisions.**

25.    The consideration provided by the Purchaser to the Debtor pursuant to the Amended Contract, under the circumstances constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, Uniform Voidable Transactions Act, and under the laws of the United States, any state, territory, possession, or the District of Columbia.

26.    The Transactions are undertaken by the Purchaser without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale, or the assumption and assignment of the Lease, unless such authorization and such sale are duly stayed pending such appeal. Upon the Closing, the Purchaser shall be deemed a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, shall be entitled to the full protections of sections 363(m) and 363(h) of the Bankruptcy Code.

27.    For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062(g), this Sale Order shall not be stayed for fourteen (14) days.

28.    The failure to specifically include any particular provision of the Amended Contract in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Amended Contract be authorized and approved in its entirety; *provided, however,* that this Sale Order shall govern if there is any inconsistency between the Amended Contract (including all ancillary documents executed in connection therewith), and the Sale Order.

29.    The Amended Contract and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court; provided, however, that materially

adverse modifications, amendments or supplements will be filed on the docket with the notice of sale set forth in paragraph 30.

30. Counsel for the Debtor is directed to file a notice of sale within 14 days of the closing of the sale specifying the payment of sale proceeds and the distributions, if any, provided for herein.

31. The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Amended Contract, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale or other Transactions, including, but not limited to, retaining jurisdiction to: (a) compel delivery of the Property to the Purchaser (as applicable); (b) interpret, implement, and enforce the provisions of this Sale Order; (c) protect Purchaser against any Liens, Claims, or other interest in or against the Debtor or the Property of any kind or nature whatsoever, attaching to the proceeds of the sale; and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to assigned contracts, if any.

Dated: January 8, 2025　　　　　　　　　　　　*/s/ Sean H. Lane*
White Plains, New York　　　　　　　　　　　THE HONORABLE SEAN H LANE
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE