UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                              :        Case No. 24-22114 (SHL)
                                                                         :
Quickway Estates LLC,                                    :        Chapter 11
                                                                         :
              Debtor.                                       :
-------------------------------------------------------x

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO RECEIVER'S
APPLICATION FOR THE ALLOWANCE OF FINAL FEES AND EXPENSES**

      William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby files his limited (the "Limited Objection") to the application (the "Receiver Fee Application") for the allowance of final compensation of fees and expenses of Julian K. White, receiver (the "Receiver") [ECF No. 77]. In support hereof, the United States Trustee respectfully states:

**RELEVANT FACTS**

      1.     On February 13, 2024, (the "Petition Date"), Quickway Estates LLC, the above captioned debtor (the "Debtor") filed a voluntary petition under Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). *See* ECF No. 1.

      2.     The Debtor's principal asset is that certain real property located at 5 Quickway Road, Monroe, New York, 10950 (the "Property"). The Property is subject to a mortgage held by Fannie May (the "Secured Lender"). *See* ECF No. 2 (the "1007 Declaration").[1]

      3.     On March 8, 2024, this Court entered the *Order Establishing Deadline For Filing Proofs Of Claim And Approving The Form And Manner Of Notice Thereof*, setting April 22, 2024 as the Claims Bar Date by which claims against the estate must be filed. *See* ECF No. 15.

---

[1] Additional information on the foreclosure proceeding by the Secured Lender and appointment of the Receiver is set forth in the 1007 Declaration.

1

4.      On April 3, 2024, this Court entered the *Stipulation and Order Pursuant to 11 U.S.C. § 543(d)(1) Excusing Receiver's Compliance with Requirement to Deliver to the Debtor Property of the Debtor*.  See ECF No. 20.

5.      On January 8, 2025, this Court entered the *Order (A) Authorizing And Approving The Sale Of Debtor's Real Property Pursuant To An Amended Contract Of Sale Free And Clear Of All Liens, Claims, And Encumbrances, (B) Approving The Distribution Of The Sale Proceeds; And (C) Granting Related Relief*, approving the sale of the Property.  See ECF No. 67.[2]

6.      On February 21, 2025, the Receiver filed the Receiver Fee Application, seeking an order pursuant to section 330 of the Bankruptcy Code and rule 2016 of the Federal Rules of Bankruptcy Procedure, granting payment of the Receiver's requested fees in the amount of $15,656.89 and expenses of $12,319.15 (for fees of the Property Manager), for services rendered from June 7, 2022 through January 29, 2025 (the "Compensation Period").  See ECF No. 77-1.

7.      No trustee, examiner or statutory committee has been appointed in this case.

## LIMITED OBJECTION

The Receiver Fee Application should be denied because it is improper.  Section 330(a) of the Bankruptcy Code provides, in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> (A) Reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and aby any paraprofessional person employed by any such person; and
>
> (B) Reimbursement for actual, necessary expenses.

---

[2] The sale of the Property closed on January 30, 2025.  See ECF No. 72.

11 U.S.C. § 330(a). The Receiver is not a trustee, consumer privacy ombudsman, examiner, nor professional person employed under section 327 of the Bankruptcy Code. Therefore, the Receiver may not seek compensation for his fees, nor the expenses of the Property Manager, by application under section 330 of the Bankruptcy Code.

Moreover, the majority of the Compensation Period during which the Receiver purportedly rendered services is attributable to a pre-petition period (June 7, 2022 to February 13, 2024). Therefore, any fees and expenses for such period, to the extent otherwise allowable, constitutes a pre-petition, general unsecured claim against the estate, and not entitled to any administrative priority. The Receiver had failed to file a proof claim for his fees and expenses by the Claims Bar Date. *See* Claims Register.

## CONCLUSION

For all of the foregoing reasons, the United States Trustee respectfully requests that the Court deny the Receiver Fee Application, and grant such other relief as is just and proper.

Dated: March 18, 2025
      New York, New York

                            Respectfully submitted,

                            WILLIAM K. HARRINGTON
                            UNITED STATES TRUSTEE, Region 2

            By:   */s/ Annie Wells*
                    Annie Wells
                    Trial Attorney
                    Office of the United States Trustee
                    Alexander Hamilton U.S. Custom House
                    One Bowling Green
                    New York, New York 10004
                    Tel. (212) 510-0500